# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| MARQUETTE MUKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:23-cv-1052-SHM-tmp |
| | ) | |
| HARDEMAN COUNTY OFFICIALS and | ) | |
| HARDEMAN COUNTY STAFF, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER MODIFYING THE DOCKET;**
**DISMISSING AMENDED COMPLAINT (ECF NO. 5) PURSUANT TO**
**28 U.S.C. § 1915(g);**
**CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;**
**NOTIFYING MUKES OF THE APPELLATE FILING FEE;**
**NOTIFYING MUKES OF THE COURT'S STRIKE RECOMMENDATION UNDER**
**28 U.S.C. § 1915(g);**
**AND CLOSING CASE**

On March 29, 2023, Plaintiff Marquette Mukes filed a *pro se* civil complaint alleging imminent danger (ECF No. 1 (the "Complaint")) and an application to proceed *in forma pauperis* (ECF No. 2 (the "IFP Motion")). When Mukes filed the Complaint, he was incarcerated at the Hardeman County Correctional Facility (the "HCCF"), in Whiteville, Tennessee and was assigned Tennessee Department of Correction (the "TDOC") prisoner number 288175. (ECF No. 1 at PageID 2; ECF No. 1-2 at PageID 5.) Mukes is a three-strike filer under § 1915(g) of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq.* (the "PLRA").

On April 24, 2023, the Court: (1) dismissed the Complaint pursuant to 28 U.S.C. § 1915(g); (2) denied Mukes's motion to proceed *in forma pauperis*; and (3) granted leave to (a) file an amended complaint on the official form accompanied by the four hundred and two dollar ($402.00)

civil filing fee, within twenty-eight (28) days of the date of that Order or (b) file an amended complaint, within twenty-eight (28) days of the date of that Order, alleging facts sufficient for the Court to draw a reasonable inference that Mukes is under imminent danger of serious physical injury. (ECF No. 4 (the "April 24 Order").)

On May 30, 2023, Mukes filed an amended complaint against Hardeman County Correctional Facility, Lieutenant Smith of the HCCF's segregation department, and Sergeant Clark of the HCCF's segregation department. (ECF No. 5 (the "Amended Complaint") at PageID 18-19.) The Amended Complaint alleges that Mukes "is on psyche-meds due to the P.R.E.A. conditions at Hardeman County and is also housed on a P.R.E.A. status due to the prison conditions of Hardeman County Staff." (*Id.* at PageID 19.) Mukes alleges that Smith and Clark "are trying to force Mukes back to the compound while they constantly violate Mukes." (*Id.*) Mukes "wish[es] to be shipped to [the] M.L.R.C.[1] so that Mukes can prepare and adjust back into society." (*Id.* at PageID 20.)

On June 20, 2023, Mukes filed an "Affidavit Of Imminent Danger Of Defamation Of Character." (ECF No. 6 (the "Affidavit").)

Mukes did not submit payment of the civil filing fee when he filed the Amended Complaint and the Affidavit.

The Amended Complaint (ECF No. 5) is before the Court. For the reasons explained below, the Amended Complaint is DISMISSED WITH PREJUDICE.

The Clerk of Court SHALL MODIFY the docket to add these Defendants: (1) Hardeman County Correctional Facility; (2) Hardeman County, Tennessee; (3) Lieutenant Smith of

---

[1] Mukes's use of the acronym "M.L.R.C." is construed to refer to the Mark Luttrell Transition Center, in Memphis, Tennessee. (*See* https://www.tn.gov/correction/sp/state-prison-list/mark-luttrell-transition-center.html (last accessed July 31, 2023).)

Hardeman County Correctional Facility; and (4) Sergeant Clark of Hardeman County Correctional Facility.  (*See id*. at PageID 18-19.)

Mukes, while incarcerated, has filed more than three (3) previous civil actions in federal court that were dismissed for failure to state a claim or as frivolous.[2]  Mukes, while incarcerated, may not file any further action in which he proceeds *in forma pauperis* unless he first demonstrates that he is under imminent danger of serious physical injury at the time the complaint is filed.  *See*, *e.g*., *Vandiver v. Vasbinder*, 416 F. App'x 560, 56162 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008).

The Amended Complaint does not allege that Mukes is in imminent danger of serious physical injury.  Mukes's vague allegations about (1) "the P.R.E.A. conditions", (2) "the prison conditions of Hardeman County", and (3) Smith and Clark "constantly violat[ing] Mukes" do not offer any details that would allow this Court to draw the inference that Mukes was under an existing danger when he filed the Complaint and, therefore, under imminent danger of serious physical injury.

---

[2]  *See Marquette D. Benson, also known as Marquette D. Mukes v. Judge Joseph Dailey, et al*., No. 2:03-cv-02123-JPM (W.D. Tenn. May 30, 2003) (ECF No. 2 at PageID 9 ("Accordingly, this complaint seeks to assert claims which fail to state a claim upon which relief may be granted, claims barred by absolute immunity, and claims lacking an arguable basis either in law or in fact, and is frivolous. . . . As the complaint is frivolous, it is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and Fed. R. Civ. P. 12(b)(6)") (citations omitted); *Mukes v. Luttrell*, No. 2:00-cv-02721-JPM (W.D. Tenn. Aug. 31, 2000) (ECF No. 3 at PageID 11) ("Accordingly, this complaint lacks an arguable basis either in law or in fact and is, therefore, frivolous. . . . As the complaint is frivolous, it is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)") (citations omitted); *Mukes v. Luttrell, et al*., No. 2:00-cv-02657-BBD (W.D. Tenn. Aug. 1, 2000) (ECF No. 3 at PageID 9-10) ("Accordingly, this complaint lacks an arguable basis either in law or in fact and is, therefore, frivolous. . . . As the complaint is frivolous, it is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)") (citations omitted); *Mukes v. Administration And Staff Of Hardeman Cnty. Corr. Facility*, No. 1:23-cv-01015 (W.D. Tenn. Apr. 17, 2023) (ECF No. 5 at PageID 16 ("The Court recommends that this dismissal be treated as a strike pursuant to 28 U.S.C. § 1915(g)") & ECF No. 6).

There is nothing in the record from which to plausibly infer that the phrase "the P.R.E.A. conditions" in the Amended Complaint relates to conditions of Mukes's confinement at the HCCF on March 14, 2023, which is when he filed the Complaint (*see* ECF No. 1 at PageID 3).  Mukes does not allege facts describing what "the P.R.E.A. conditions" were.

The Amended Complaint alleges no facts from which to plausibly infer that the "prison conditions of Hardeman County" affect Mukes, much less that the conditions posed an imminent danger of serious physical injury to him on March 14, 2023.  Mukes does not allege facts describing the "prison conditions of Hardeman County" about which he complains.

At most, the Amended Complaint suggests that Mukes was displeased about Smith and Clark's effort to transfer Mukes from segregated confinement to the HCCF's general inmate population.  (*See* ECF No. 5 at PageID 19 (alleging that Mukes is in segregation at the HCCF and that Smith and Clark "are trying to force Mukes back to the [general inmate] compound").)  Mukes does not allege facts demonstrating that he faces imminent danger of serious physical injury if he is transferred from segregation to the general inmate population at the HCCF.

Mukes's request for monetary compensation to redress his "pain and suffering" contradicts any suggestion that he was in imminent danger on March 14, 2023.

The Affidavit does not alter this conclusion.  Mukes contends that Clark and Smith are "defaming Mukes" by giving other people "the impression that … Mukes is gay or a sexual predator."  (ECF No. 6 at PageID 22.)  Mukes does not allege that he has received threats, harassment, intimidation, or physical injury due to the supposed defamation.  (*See id.*)  Given that the Affidavit alleges only defamatory actions by Clark and Smith, Mukes's allegations are "completely devoid of any allegations of imminent harm."  *See Beard v. Gainesville Sun Newspaper*, No. 1:23-cv-145, 2023 WL 4370443, at *2 (N.D. Fla. June 12, 2023).

4

The Amended Complaint and the Affidavit fail to demonstrate that Mukes was in imminent danger of serious physical injury from the incidents alleged in Mukes's pleadings when he filed the Complaint.

The Amended Complaint (ECF No. 5) does not come within the exception to 28 U.S.C. § 1915(g).  The Amended Complaint is DISMISSED WITH PREJUDICE.

The Court DISMISSES this case with prejudice in its entirety for the reasons discussed in the April 24 Order (ECF No. 4) and in this Order.  Judgment will be entered in accordance with the April 24 Order and this Order.

The Court RECOMMENDS that this dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Mukes would not be taken in good faith.  If Mukes nevertheless chooses to file a notice of appeal, Mukes must either pay the entire five hundred and five dollar ($505.00) appellate filing fee or submit a new *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

The Clerk is directed to prepare a judgment and mark this case closed.

IT IS SO ORDERED, this 8th day of August, 2023.

                                             /s/ *Samuel H. Mays, Jr.*
                                             SAMUEL H. MAYS, JR.
                                             UNITED STATES DISTRICT JUDGE